UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY MOORE,

      Plaintiff,                     Case No.  5:23-cv-11815
                                            District Judge Judith E. Levy
v.                                     Magistrate Judge Kimberly G. Altman

DEVONTA LYONS and JOHN
DOES,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 28)**[1]

### I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Ricky Moore, proceeding *pro se*, is suing Corrections Officer Devonta Lyons, two unknown corrections officers, and an unknown nurse.  (ECF No. 1).  In brief, he alleges that upon being transferred to the Macomb Correctional Facility (MRF) on January 7, 2020, he was not provided with an inhaler to treat his asthma, which was medically documented.  (*Id.*).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 7).

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

Before the Court is Lyons' motion for summary judgment.  (ECF No. 28).

Moore has filed a response[2] (ECF No. 31), and Lyons has filed a reply.  (ECF No.

32).  For the reasons discussed below, the undersigned RECOMMENDS that

Lyons' motion for summary judgment be GRANTED.  Further, the undersigned

RECOMMENDS that the two unknown corrections officers and unknown nurse be

*SUA SPONTE* DISMISSED WITHOUT PREJUDICE.  If this recommendation is

adopted, the case will be closed.

## II.     Background

### A.     Procedural History

Moore filed his complaint on July 27, 2023, naming Jay Saph, Erin Parr-

Mirza, Patricia Lamb, Lynn, two unknown corrections officers, and an unknown

nurse.  (ECF No. 1).  Lamb, Parr-Mirza, and Saph were served (ECF Nos. 10, 11,

12), and on December 6, 2023, filed a motion to dismiss for failure to state a claim,

or alternatively, a motion for summary judgment on the basis of exhaustion.  (ECF

No. 15).  In a Report and Recommendation (R&R) the undersigned recommended

that the motion to dismiss be granted, or alternatively, that the motion for summary

judgment on exhaustion be granted.  (ECF No. 19).  The district judge adopted the

---

[2] Although this filing is titled "Plaintiff's Response to Defendant's Motion for
Summary Judgment and Plaintiff's Motion for Summary Judgment," Moore later
requested to amend his filing to remove the motion for summary judgment and
make it only a response to Lyons' motion for summary judgment.  (ECF Nos. 33,
34).

R&R and dismissed Lamb, Parr-Mirza, and Saph from the case with prejudice for failure to state claim.  (ECF No. 21).

On April 18, 2024, the Court entered an order directing service on "Lynn" by the US Marshals.  (ECF No. 20).  Lyons then appeared through counsel and the undersigned entered an order directing the clerk to correct the docket to reflect that Corrections Officer Lynn was actually "Devonta Lyons."  (ECF Nos. 22, 24).  On November 4, 2024, Lyons filed the present motion for summary judgment.  (ECF No. 28).

## B.     Factual Background

The facts as described in the April 18, 2024 R&R are as follows:[3]

Moore alleges that his asthma diagnosis was noted by the Michigan Department of Corrections (MDOC) in July 2010, and that he was prescribed an Albuterol inhaler at that time.  (ECF No. 1, PageID.10). He was transferred to MRF on January 7, 2020.  (*Id.*).  His inhaler prescription had been last renewed in October 2019, and was scheduled for renewal in January 2020.  (*Id.*).  Moore was not provided with a new inhaler following his transfer to MRF.  (*Id.*).

On February 24, 2022, Moore was moved to segregation and complained about exacerbated asthma symptoms there.  (*Id.*).  He had still not received a new inhaler by that point.  (*Id.*).  He asked [Lyons] to retrieve his state-issued inhaler from his property, and upon doing so [Lyons] noted that it only had "4 puffs" remaining.  (*Id.*).  [Lyons] stated that he would contact healthcare to see if a refill could be provided.  (*Id.*).

An unknown nurse then came to Moore and said she would get another

---

[3] At the time of this R&R, Lyons had not yet been served and was identified on the docket as "Lynn."  *See* ECF No. 24.  The statement of facts has been updated to reflect Lyons' corrected name.

3

inhaler for him because he really needed it.  (*Id.*).  She never returned to provide Moore with an inhaler despite witnessing his serious medical need related to asthma.  (*Id.*).

On March 3, 2022, two corrections officers were involved in an incident where one of the officers pepper sprayed another inmate in the segregation unit.  (*Id.*, PageID.11).  The other officer checked each segregation cell for any inmates that had respiratory issues and needed to be removed before the pepper spraying occurred.  (*Id.*).  The officers refused to release Moore because he was not listed by healthcare as a chronic care asthma patient.  (*Id.*).  Upon the release of the chemical gas in segregation, Moore suffered breathing problems and felt "as if he could die."  (*Id.*).

Moore grieved this incident on March 6, 2022.  (*Id.*, PageID.12).  His grievance was denied at Step I by Saph and Parr-Mirza, who responded that Moore was not diagnosed with asthma until March 9, 2022, and was provided with an inhaler that day.  (*Id.*).  Moore appealed the decision, and at Step II, his grievance was denied by Lamb, who acknowledged Moore's history of asthma but found that the disruption of clinic operations due to the COVID-19 pandemic was to blame for Moore's lapse in asthma treatment.  (*Id.*, PageID.13).

(ECF No. 19, PageID.125-127).

### III.    Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley*

*Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Moore is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV.    Discussion

5

Lyons argues that he is entitled to qualified immunity because Moore has not alleged a constitutional violation. This will be discussed below, first as to whether a constitutional violation has occurred, and then as to whether Lyons is entitled to qualified immunity.

### A.     Deliberate Indifference to Serious Medical Need

#### 1.     Standard

Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

The objective component requires that "the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. To do so, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702-03 (quoting *Farmer*, 511 U.S. at 834). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390

6

F.3d 890, 897 (6th Cir. 2004)).

Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

### 2.    Analysis

As a preliminary matter, Lyons argues that Moore's claim arises under the Eighth Amendment because he is a prisoner, and therefore his claim under the Fourteenth Amendment should be dismissed and his claim should be analyzed under the Eighth Amendment. The undersigned agrees. "A prisoner's deliberate indifference claim arises from the Eighth Amendment," while a pretrial detainee's deliberate indifference claim arises from the Fourteenth Amendment. *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 692 (2024). Because Moore is a prisoner, not a pretrial detainee, his claim for deliberate indifference arises under the Eighth Amendment, and his Fourteenth Amendment claim should therefore be dismissed.

Next, Lyons argues that Moore cannot meet either the objective or subjective components for his claim of deliberate indifference under the Eighth Amendment. For the objective component, Lyons argues that asthma on its own does not qualify as a serious medical need, and Moore does not allege that he was

having an asthma attack at the time he asked Lyons for his inhaler on February 24,

2022.  (ECF No. 28, PageID.177).  "Courts generally agree that the diagnosis of

asthma alone is not enough to establish a sufficiently serious medical need."

*Dillard v. Henderson Cnty. Det. Ctr.*, No. 4:20-CV-P185-JHM, 2021 WL

3134252, at *2 (W.D. Ky. July 23, 2021).  "Instead, courts look to the seriousness

of the condition at the times of the events alleged in the complaint."  *Id.* (internal

citation omitted).  Although Moore does not specifically say he was having an

asthma attack, Moore testified during his deposition that he was struggling to

breathe when he asked Lyons to retrieve his inhaler.  (ECF No. 28-3, PageID.228).

For the purpose of this analysis, the undersigned will therefore assume that his

asthma constitutes a serious medical need under the circumstances.

However, even so, Moore's claim fails because he has not shown a genuine

dispute of material fact regarding the subjective component.  Moore stated both in

his complaint and at his deposition that when he asked Lyons to retrieve his

inhaler, Lyons did so, and when they noticed there were only four puffs left on the

inhaler, Lyons summoned a nurse.  (ECF No. 1, PageID.10; ECF No. 28-3,

PageID.228-229).  Moore says that the nurse then went to get him another inhaler,

but did not return.  (ECF No. 28-3, PageID.236).

To establish the subjective component, Moore would have to establish that

Lyons knew of a substantial risk to Moore's safety and then disregarded that risk.

8

Here, however, Lyons listened to Moore's request for his inhaler, brought him his inhaler, and then retrieved a nurse who could help Moore get a refill for his inhaler. Lyons did not disregard a risk to Moore's safety stemming from his asthma – on the contrary, Lyons helped Moore first by retrieving his inhaler, and then by sending a nurse over to help him.  Lyons was then entitled to rely on the nurse's assessment of the situation in deciding whether to get Moore an additional inhaler because Lyons himself is not a medical professional.  (ECF No. 28-4, PageID.265); *see McGaw v. Sevier Cnty.*, 715 F. App'x 495, 498-99 (6th Cir. 2017) ("Where, as here, an officer responds to a substantial risk of serious harm by asking for and following the advice of a professional the officer believes to be capable of assessing and addressing that risk, then the officer commits no act of deliberate indifference in adhering to that advice."); *Spears v. Ruth*, 589 F.3d 249, 255 (6th Cir. 2009) (explaining that officers can reasonably rely on the assessments of medical staff); *Winkler v. Madison Cnty.*, 893 F.3d 877, 895 (6th Cir. 2018) (officer was not deliberately indifferent when he responded immediately to inmate's complaints and took reasonable action, including calling a doctor; he was allowed to rely on the doctor's "apparent conclusion that no additional information…was needed").  Reasonable minds could not differ on this point.  As such, Moore has not shown a genuine dispute regarding whether Lyons disregarded a substantial risk to his safety.  *See* ECF No. 28-3, PageID.227-229.

9

On the contrary, the undisputed facts show that Lyons did not disregard the risk. Lyons' motion should therefore be granted, and judgment entered in his favor.

In Moore's response, he cites to his deposition transcript where he discussed later conversations with Lyons about the nurse not refilling or retrieving his inhaler, both later that day and in the days following. However, Moore's complaint centers entirely around the first interaction with Lyons on February 24, 2022, where Moore asked Lyons for help and Lyons retrieved his inhaler and a nurse. As Lyons was not deliberately indifferent at that time, Moore's claim against him cannot be sustained. *See Borden v. Antonelli Coll.*, 304 F. Supp. 3d 669, 677 (S.D. Ohio 2018) (internal citation omitted) ("The law is clear that a party may not expand a claim in response to a motion for summary judgment in order to create an issue of fact.").

Even assessing whether these additional allegations would suffice to show deliberate indifference, Moore's claim fails. Moore does not say that he was at those times experiencing any sort of medical emergency, like difficulty breathing or an asthma attack. As discussed above, asthma in general does not meet the objective component of a claim of deliberate indifference, and Moore does not allege that he was experiencing any symptoms during any other interaction with Lyons where Moore asked him to retrieve his inhaler, such that his asthma would qualify as a serious medical need at the time of those conversations. Moore

10

admitted in his deposition that on March 3, 2022, the day he was exposed to pepper spray, he did not speak to Lyons. (ECF No. 28-3, PageID.243-244). Further, as discussed above, Lyons had already retrieved a nurse to help Moore with getting a refill and was allowed to rely on the assessment that the nurse made regarding Moore's need for another inhaler on that day and in the days following. As such, even the expanded allegations fail to show a genuine dispute of material fact.

### B.     Qualified Immunity

#### 1.     Standard

Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Created to protect government officials from interference with their official duties, qualified immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It gives officials "breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (punctuation modified). After a defending official initially raises qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d at 472.

In considering qualified immunity, the Sixth Circuit has generally "use[d] a two-step analysis: (1) viewing the facts in the light most favorable to the plaintiff, [it] determine[s] whether the allegations give rise to a constitutional violation; and (2) [it] assess[es] whether the right was clearly established at the time of the incident." *Id.* The steps may be considered in either order, so "[i]f the court concludes that no constitutional violation has occurred, there is no need to address whether the alleged right was clearly established." *Kinlin v. Kline*, 749 F.3d 573, 577 (6th Cir. 2014).

## 2.    Analysis

Lyons argues that he is entitled to qualified immunity because Moore cannot prove a violation of his constitutional rights. As explained above, Moore has failed to create a genuine issue of material fact that his constitutional rights were violated. In other words, no reasonable juror could find a constitutional violation on the record before the Court. Therefore, Lyons is entitled to qualified immunity, as "no constitutional violation has occurred."[4] *Kinlin*, 749 F.3d at 577.

---

[4] Lyons also argues that Moore's claims against him in his official capacity, to the extent Moore makes such claims, should be dismissed because Lyons is immune under the Eleventh Amendment and that Moore's request for injunctive relief is moot because he has transferred facilities. (ECF No. 28). First, the complaint specifically states that Lyons is being sued in his individual capacity. *See* ECF No. 1, PageID.8. Although Moore says in his response that he is suing Lyons in his official capacity as well, *see* ECF No. 31, PageID.280, as noted above, he cannot add a new claim in his response to a motion. These arguments need not be discussed further in light of the recommendation that Lyons' motion be granted

C.     Remaining Defendants

If this recommendation is adopted, the remaining defendants would be two unknown corrections officers and an unknown nurse.  Under Fed. R. Civ. P. 4(m), Moore had ninety days from the filing of the complaint to serve these defendants. The ninety days has long passed, and Moore has not made any move to identify or serve any of these defendants.  Dismissal of these defendants without prejudice is proper where, as here, no claims remain against the named defendants.  *See Ruff v. Corr. Med. Servs.*, No. 07-15443-BC, 2009 WL 1384158, at *1 (E.D. Mich. May 13, 2009) (citing *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001)); *Adams v. Hyman Lippitt, P.C.*, No. 05–72171, 2007 WL 2571955, at *1 (E.D. Mich. Sept. 5, 2007).  Therefore, if Lyons' motions for summary judgment is granted, the undersigned recommends that the Doe defendants be dismissed *sua sponte* without prejudice.

V.     Conclusion

For the reasons discussed above, the undersigned RECOMMENDS that Lyons' motion for summary judgment (ECF No. 28) be GRANTED.  The undersigned further RECOMMENDS that the two unknown corrections officers

---

and all claims against him be dismissed because there has not been a constitutional violation.

13

and unknown nurse be *SUA SPONTE* DISMISSED WITHOUT PREJUDICE.  If

these recommendations are adopted, the case will be closed.

Dated: July 18, 2025                                 s/Kimberly G. Altman
Detroit, Michigan                                    KIMBERLY G. ALTMAN
                                                     United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &

Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &

Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

14

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon
counsel of record and any unrepresented parties via the Court's ECF System to
their respective email or First Class U.S. mail addresses disclosed on the Notice of
Electronic Filing on July 18, 2025.

s/Dru Jennings    
DRU JENNINGS
Case Manager
